Filed 9/8/21  P. v. Hall CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C093259 |
| Plaintiff and Respondent, | (Super. Ct. No. A-CR-0042409) |
| v. | |
| JAMES EARL HALL, | |
| Defendant and Appellant. | |

In 1998, defendant James Earl Hall pleaded no contest to gross vehicular manslaughter while intoxicated and causing injury while driving under the influence of alcohol, and he stipulated to a term of 25 years to life in prison.  In 2019, defendant filed a petition for resentencing under Penal Code section 1170.91, subdivision (b)(1),[1] which the trial court denied after finding the statute did not permit resentencing where, as here, the defendant agreed to a stipulated sentence.  On appeal, defendant argues that his section 1170.91 petition reopened the judgment, requiring a full resentencing including the retroactive application of ameliorative statutes such as Senate Bill No. 136 (2019-

---

[1]    Undesignated references are to the Penal Code.

1

2020 Reg. Sess.) (Senate Bill 136), which would require that we strike his one-year prior prison term enhancement (§ 667.5, subd. (b)).

We conclude defendant's section 1170.91 petition did not recall his sentence, nor did it reopen his judgment for resentencing. We therefore affirm.

PROCEDURAL HISTORY

In 1998, defendant pleaded no contest to gross vehicular manslaughter while intoxicated (§ 191.5, subd. (d)), and driving under the influence of alcohol, causing injury (Veh. Code, § 23153, subd. (a)). Defendant also admitted several enhancements, including that he had previously served a prison term after a felony conviction (§ 667.5, subd. (b)). Under the terms of the plea agreement, the parties stipulated that defendant would serve an aggregate sentence of 25 years to life, comprised of 15 years to life for manslaughter, and a determinate term of 10 years. The 10-year term included the following consecutive terms: four years for driving under the influence causing bodily injury (Veh. Code, § 23153, subd. (a)), three years for causing great bodily injury (§ 12022.7, subd. (a)), two years for injuring more than one victim (Veh. Code, § 23182), and one year for the prior prison term enhancement (§ 667.5, subd. (b)).

In 2019, defendant filed a petition for resentencing under section 1170.91, subdivision (b)(1), which allows defendants to seek resentencing to allow the court to consider military-related trauma or mental health problems as a factor in mitigation. In December 2020, the trial court held a hearing on the petition. At the hearing, defendant informed the trial court that he was prepared to testify and present evidence that he served in the military, which exacerbated his drinking. However, the trial court said it would "approach this case at a number of levels." First, it noted that it was bound by *People v. King* (2020) 52 Cal.App.5th 783 (*King*), which held that defendants who stipulated to a sentence could not obtain relief under section 1170.91. (*King, supra*, 52 Cal.App.5th at p. 793.) Because defendant stipulated to a sentence of 25 years to life, the

2

trial court concluded that "for the reasons stated in *King*, the reconsideration as requested will be denied."

The trial court went on to say that even if it did not follow *King*, the petition "still should result in a denial of reconsideration of the sentence." It noted that defendant had unquestionably been in the military, and that his problems with alcohol "were probably exacerbated by the military," and that "in that sense, he would qualify." The trial court went on to say that if it were to consider the application on the merits, "I [could] not imagine any circumstance under which I would say this is a mitigated sentence. . . . I feel that's an appropriate sentence when I gave it, and I think it's an appropriate sentence when I reconsider it now." The trial court concluded that it "would deny the application on its merits" had it not been denied under *King*.

## DISCUSSION

Defendant argues that he filed a petition that met the prima facie elements for resentencing under section 1170.91, subdivision (b)(1), which then reopened the judgment for purposes of retroactivity of Senate Bill 136 (2019-2020 Reg. Sess.) under *In re Estrada* (1965) 63 Cal.2d 740. Specifically, defendant contends that under section 1170.91, subdivision (b)(3), the court first must determine if he is eligible for relief and then whether he is suitable for relief. He argues that because he was facially eligible for relief, he had moved to the suitability determination, which reopened his judgment and mandated application of Senate Bill 136 under the full resentencing rule. (*People v. Buycks* (2018) 5 Cal.5th 857, 893.) He argues the trial court erred by failing to strike his prior prison term at the hearing on his section 1170.91 petition, and that we must do so now. The People counter that the section 1170.91 petition was denied and did not reopen the judgment, defendant's judgment was final in 1998, and he therefore is not entitled to the benefit of Senate Bill 136. However, they concede that if we determine defendant's judgment was reopened in 2020, then the one-year prior prison term enhancement is properly stricken.

3

I

*Section 1170.91, subdivision (b)*

Section 1170.91, enacted in 2014, allows a court imposing a determinate felony sentence to consider the fact that the defendant "is, or was, a member of the United States military who may be suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of his or her military service . . . as a factor in mitigation . . . ." (§ 1170.91, subd. (a); see also former § 1170.91, Stats. 2014, ch. 163, § 2.) In 2018, it was amended to permit retrospective relief from a final judgment. Thus, it also provides, as relevant here: "A person currently serving a sentence for a felony conviction, whether by trial or plea, who is, or was, a member of the United States military and who may be suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of his or her military service may petition for a recall of sentence . . . to request resentencing pursuant to subdivision (a) if the person meets both of the following conditions:

"(A) The circumstance of suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of the person's military service was not considered as a factor in mitigation at the time of sentencing.

"(B) The person was sentenced prior to January 1, 2015. . . ." (§ 1170.91, subd. (b)(1).)

"Upon receiving a petition . . . , the court shall determine, at a public hearing . . . , whether the person satisfies the criteria in this subdivision. At that hearing, the prosecution shall have an opportunity to be heard on the petitioner's eligibility and suitability for resentencing. If the person satisfies the criteria, the court may, in its discretion, resentence the person following a resentencing hearing." (§ 1170.91, subd. (b)(3).)

4

Although the statute provides an avenue for qualifying defendants to seek relief, it also provides that it "does not diminish or abrogate the finality of judgments in any case not falling within the purview of this subdivision." (§ 1170.91, subd. (b)(8).)

## II

### *Analysis*

As set forth above, defendant argues the trial court held a resentencing hearing, found him eligible for resentencing under section 1170.91, subdivision (b)(1), and therefore reopened the judgment for full resentencing. We disagree with this characterization of the record. In fact, the trial court *denied* defendant's request to have his sentence reconsidered, finding he was ineligible for resentencing under *King*. In *King*, the court considered whether a defendant who entered into a plea agreement for a stipulated term could be resentenced under section 1170.91, subdivision (b). (*King, supra*, 52 Cal.App.5th at pp. 790-794.) Although section 1170.91. subdivision (b)(1) states that a resentencing hearing is available to a defendant serving a sentence for a felony conviction, " 'whether by trial or plea,' " *King* concluded that the stipulated prison term in King's plea agreement rendered him "plainly ineligible" for resentencing under the statute, reasoning that even if the trial court recalled the defendant's sentence, it still would be required to impose the stipulated term. (*Id.* at pp. 786, 788, 791.)

The *King* court relied in part on the statutory language to reach its conclusion, explaining: "A petitioner who meets the requirements set forth in section 1170.91, subdivision (b) obtains the remedy of 'resentencing pursuant to subdivision (a).' (§ 1170.91, subd. (b)(1).) Subdivision (a) provides that the trial court shall take into account the defendant's mental health and substance abuse problems '*when imposing a term under subdivision (b) of Section 1170.*' (§ 1170.91, subd. (a), italics added.) A trial court that sentences under subdivision (b) of section 1170, exercises its discretion to choose an upper, middle or lower determinate term based on its consideration of factors in mitigation and aggravation. However, when a trial court sentences a defendant who

5

has agreed to a stipulated sentence for a term of years, the trial court exercises no discretion to decide between an upper, middle and lower term and may not consider factors in mitigation and aggravation. Therefore, the trial court is not 'imposing a term under subdivision (b) of Section 1170.' (§ 1170.91, subd. (a).) As a result, a petitioner, like King, who agreed to a stipulated sentence for a specific prison term cannot obtain the relief afforded under section 1170.91, subdivision (b)(1), as that petitioner cannot be resentenced under subdivision (b) of Section 1170 to an upper, middle or lower term based on factors in mitigation and aggravation." (*King, supra*, 52 Cal.App.5th at p. 791.)

Like the petitioner in *King*, defendant entered into a plea agreement with a stipulated sentence. Section 1170.91 only applies where the trial court weighs factors in aggravation and mitigation to select from a sentencing triad, not where it imposes a stipulated sentence. (*King, supra*, 52 Cal.App.5th at p. 791; see also Cal. Rules of Court, rule 4.412 [court need not state reasons for stipulated sentence].) Applying *King*, the trial court found that because defendant agreed to a stipulated sentence, defendant was ineligible for resentencing under the statute, irrespective of whether he met the statutory criteria under section 1170.91, subdivision (b)(1). (See also *People v. Brooks* (2020) 58 Cal.App.5th 1099, 1106 [trial court precluded from any judicial exercise of section 1170.91 resentencing discretion where plea agreement rests on a stipulated sentence].) We agree with this conclusion.

Further, we disagree with defendant that simply holding a hearing on defendant's petition constituted a resentencing that triggered the full resentencing rule. The full resentencing rule allows the trial court to reconsider every aspect of a defendant's sentence when a portion of the defendant's sentence has been recalled or stricken. (*People v. Buycks, supra*, 5 Cal.5th at pp. 893-895.) Under this rule, had defendant's hearing constituted a resentencing, the trial court would have been required to strike defendant's prison prior under the mandatory terms of Senate Bill 136 (2019-2020 Reg. Sess.). However, section 1170.91, subdivision (b)(3) outlines the procedure for assessing

6

a petition, providing that "[a]t the hearing, the prosecution shall have an opportunity to be heard on the petitioner's *eligibility and suitability* for resentencing. If the person satisfies the criteria, the court may, in its discretion, resentence the person following a resentencing hearing." (Italics added.) Thus, the hearing on the petition does not, in and of itself, constitute a resentencing, as it is only an initial step to determine both eligibility and suitability for resentencing. The trial court also denied the petition without hearing defendant's testimony on whether the military exacerbated his drinking, which further suggests that the hearing was not a resentencing. Finally, the statute describes that a defendant may only be resentenced if the trial court first finds the defendant both eligible and suitable for resentencing. Here, the trial court found defendant was neither.

As the trial court found defendant's stipulated sentence rendered him ineligible for reconsideration of his sentence under *King*, defendant's petition did not reopen his sentence, the trial court did not resentence defendant, and defendant's judgment remained final. He therefore is not entitled to the ameliorative benefits of Senate Bill 136 (2019-2020 Reg. Sess.).

## DISPOSITION

The judgment is affirmed.

                                       _____KRAUSE_____, J.

We concur:

_____MURRAY_____, Acting P. J.

_____HOCH_____, J.

7